UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60674-CIV-COHN/SELTZER

U.S. COMMODITY FUTURES
TRADING COMMISSION,

        Plaintiff,

v.

KASTLE & HAWKE, INC., JAMES A.
WARD, and NATHANIEL R. WALKER,

        Defendants.

_____/

## STATUTORY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff U.S. Commodity Futures Trading

Commission's ("CFTC's") Emergency Motion for a Statutory Restraining Order [DE 8]

("Motion"). The Court has considered the Motion, Plaintiff's Memorandum in Support of

its Motions for a Statutory Restraining Order and an Order of Preliminary Injunction and

Other Equitable Relief [DE 10] ("Memorandum") and the declarations and attachments

thereto, as well as Plaintiff's Complaint for Injunctive and Other Equitable Relief and

Penalties Under the Commodity Exchange Act [DE 1] ("Complaint"), and is otherwise

advised in the premises.

The Complaint alleges that defendants Kastle & Hawke, Inc. ("K&H") and its

principals, James A. Ward ("Ward") and Nathaniel R. Walker ("Walker"), (collectively,

"Defendants") have engaged, are engaging, or are about to engage in conduct in

violation of the Commodity Exchange Act (the "Act") as amended by the Food,

Conservation and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC

Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June

18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2010).

**THE COURT FINDS:**

1.    This Court has jurisdiction over the parties and subject matter of this action.

2.    The Court is authorized by Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), to issue a statutory restraining order against Defendants.

3.    Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

4.    It appears to the satisfaction of the Court that there is good cause to believe Defendants have engaged, are engaging, or are about to engage in conduct in violation of the Act and Regulations.  Specifically, there is good cause to believe that Ward and K&H have engaged, are engaging, or are about to engage in acts and practices that violate Section 19 of the Act, 7 U.S.C. § 23, and Regulation 31.3, 17 C.F.R. § 31.3; that Ward and Walker are each liable for K&H's violations as controlling persons of K&H pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b); and that K&H is principally liable for the acts constituting Ward's and Walker's violations of the Act pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2.

5.    It appears to the satisfaction of the Court that there is good cause to believe K&H customers may be cheated and defrauded and immediate and irreparable damage will occur to the Court's ability to grant effective final relief for K&H customers in the form of monetary redress due to the withdrawal, transfer, removal, dissipation, concealment, or disposition of Defendants' assets or the destruction of Defendants'

2

books and records unless Defendants are immediately restrained and enjoined by order of the Court.

6.      Consequently, the Court is satisfied that this is a proper case in which to grant a statutory restraining order to preserve the status quo, protect public customers from further deceit, loss, or damage, and enable the CFTC to fulfill its statutory duties.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

7.      The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

8.      The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

9.      "Defendants" means Kastle & Hawke, Inc., James A. Ward, and Nathaniel R. Walker, as well as all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all

3

persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

### I.    ASSET FREEZE

**IT IS THEREFORE ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, or disposing of, in any manner, any funds, assets, or other property, wherever situated, including, but not limited to, all funds, personal property, money, or securities held in safes or safety deposit boxes and all funds on deposit in any financial or brokerage institution, futures commission merchant, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Ward, Walker, and/or K&H at any time since July 12, 2007.  The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

4

## II.    PROHIBITION ON DESTRUCTION OF BOOKS AND RECORDS

IT IS FURTHER ORDERED that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, concealing, altering, or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of Defendants, wherever located, including, but not limited to, all such records concerning Defendants' business operations.

## III.    CFTC ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

IT IS FURTHER ORDERED that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly refusing to permit authorized representatives of the Commission to inspect and/or copy, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of Defendants, wherever located, including, but not limited to, all such records concerning Defendants' business operations and Defendants' business or personal finances.

## IV.     BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## V.     SERVICE OF THIS ORDER AND OTHER PAPERS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, UPS or other commercial overnight service, email, facsimile, or pursuant to Rule 5 of the Federal Rules of Civil Procedure and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, futures commission merchant, bank, savings and loan institution, other financial institution, or any other person or entity that holds any accounts, funds, assets, or other property of Defendants or that may have possession, custody, or control of any books, records, or other documents of Defendants, or that may be subject to any provision of this Order. Stephanie Reinhart, Joseph Konizeski, Carlin Metzger, and Judith McCorkle, all representatives of the Commission, are hereby specially appointed to serve process and/or effectuate service of process, including of this Order and all other papers in this action.

**IT IS FURTHER ORDERED** that the United States Marshals Service or agents of the Department of Justice are directed to assist the Commission with service of process, including of the Complaint, summons, and all other papers in this case, as well as assist the Commission with taking control and custody of the assets, books and records, and business premises of Defendants.

## VI.     SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff by delivering a copy to Stephanie Reinhart, Senior Trial Attorney, or Joseph Konizeski, Chief Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois 60661.

## VII.     FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further Order of this Court upon application, notice, and an opportunity to be heard, and that this Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30 day of March, 2011.

James I. Cohn

**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record via CM/ECF